BOYER, Acting Chief Judge.
Appellant-Bay County Board of County Commissioners (County) appeals an order rendered by appellee-Florida Public Employees Relations Commission (PERC) certifying appellee-Teamsters Local # 991 (Teamsters) as the exclusive collective bargaining agent for a designated group of county employees.
In 1975, Teamsters filed a representation petition with PERC. An election was held and Teamsters received a majority of the votes. After several proceedings, PERC found that the Teamsters engaged in campaign misconduct which warranted setting aside the election. A new election was ordered. On the day that PERC issued its notice of election, the County filed a motion to dismiss along with several other motions. The motion to dismiss petition alleged that Teamsters had failed to file the required annual financial report with PERC. PERC did not act upon that motion nor the others and three weeks later a second election was held. Again, Teamsters received a majority of the votes. The County raised several objections to the election which were overruled. The County’s pending motions, including the motion to dismiss, were also denied.
Although Teamsters was properly registered before the first election, during the time between the two elections, the registration of Teamsters lapsed. Consequently, although the County’s objections to the election were overruled, Teamsters was denied certification until it was properly registered. When Teamsters updated its registration, PERC entered the order here appealed finding that Teamsters was in compliance with the registration statute and certifying Teamsters as the exclusive bargaining representative for the group of County employees.
The County urges that PERC erred in overruling its objections to the election and in failing to set aside the election.
The primary thrust of the County’s argument relates to PERC’s failure to require Teamsters, as a condition precedent to holding the election, to comply with F.S. 447.305(1), (2) which states in pertinent part:
“447.305 Registration of employee organization. — (1) Every employee organization, prior to requesting recognition by a public employer for purposes of collective bargaining, or prior to submitting a petition to the commission for purposes of requesting a representation election, shall adopt a constitution and bylaws and shall register with the commission by filing a copy thereof, together with a report in a form prescribed by the commission, and an amended report whenever changes are made, which shall include:

“(d) The current annual financial statement of the organization.

“(2) Every employee organization shall file annually with the commission a financial report, signed by its president and treasurer or corresponding principal officers, containing the following information in such detail as may be necessary accurately to disclose its financial condition and operations for its preceding fiscal year and in such categories as the commission may prescribe:

“(c) Salary, allowances, and other direct or indirect disbursements, including reimbursed expenses, to each officer and also to each employee who, during such fiscal year, received more than $10,000 in the aggregate from such employee organization and any other employee organization affiliated with it or with which it is affiliated or which is affiliated with the same national or international employee organization;”
Further, subsection (6) of that statute provides:
“(6) An employee organization which is not registered as provided in this section is prohibited from requesting recognition by a public employer or submitting a petition requesting a representation elec *769 tion. This prohibition shall be enforced by injunction upon petition of the commission to the appropriate circuit court.”
Teamsters and PERC urge that F.S. 447.-305(6) only requires registration as a condition precedent to requesting recognition by a public employer or submitting a petition requesting a representation election. However, we construe the statute in its entirety and more broadly. The first five subsections of F.S. 447.305 contain numerous requirements. Subsection (6) does not stand alone but specifically refers to the other subsections by the use of the words “as provided in this section”. It is obvious that the legislature intended the information required of employee organizations under the statute to be available to interested parties during and preceding the election.
This case ■ is a good example of an instance where information concerning the financial records of a union needed to be available to the public employees before those employees could make an informed free choice in the election. Several affidavits in the record indicate that the employees sought information concerning union dues and salaries and expenses paid to the union business agent. That information was not available because Teamsters had failed to file its annual financial report. Contrarily, the amount of money spent by the County in its anti-organization campaign was fully available to the employees. In fact, the County alleges that its expenditures for labor relations was a primary campaign issue. We find that the financial information improperly withheld by virtue of Teamsters’ failure to file was relevant, under the facts of this case, to the election. Further, Teamsters’ failure to file was timely raised by the County and was not something brought up after the election was over as a technicality.
PERC and Teamsters rely on Laborers International Union of North America v. Public Employees Relations Commission, 336 So.2d 450 (Fla. 1st DCA 1976). However, that case is distinguishable. There, PERC refused to allow the Laborers International Union of North America and several local unions to intervene in a proceeding before PERC because one of the locals had not filed an annual financial report and therefore was not a properly registered employee organization. However, in that case the union’s failure to do so was due to the fact that its financial records were in the custody of a Federal Grand Jury and were not available to the union for preparation of the financial report. This court considered that reason good cause for the union’s failure to file and held that under those circumstances the petitioner should have been given a reasonable time to comply with the financial statement requirements. An additional factor in that case is that at the time of PERC’s meeting at which it considered the unions’ intervention, they were in compliance with the financial statement requirement.
It is PERC’s position that the County’s motion to dismiss was not a sufficient pleading to invoke the remedy of postponement of the election. We disagree. Clearly the motion brought to PERC’s attention Teamsters’ dereliction. It was then incumbent upon PERC to take some action to remedy the situation before the election was held. That PERC did not do. In its final order, PERC acknowledged that the better course of action would have been to postpone the election until Teamsters filed its annual financial statement. Because PERC did not take that course of action, we deem it necessary under the circumstances of this case to set aside the election.
Finally, we are constrained to comment that PERC appears to take the position in its brief and more emphatically during oral argument that it owes a duty only to employees under its jurisdiction. We observe that just as a prosecuting attorney has the duty and obligation of accomplishing fairness to the citizens he prosecutes as well as to those citizens whose rights he vindicates, so does PERC have the obligation in its functions and orders of being fair not only to employees and employee organizations but also to the public employer. The public employer, as a public entity, represents the citizens and taxpayers of *770 Florida. Their rights are worthy of protection as well.
Because we have resolved the dispute as above recited, we deem it unnecessary to address the other points raised by the County-
Accordingly, we order the election set aside. PERC’s order certifying the union as the exclusive bargaining representative for the county employees is reversed.
IT IS SO ORDERED.
MILLS and BOOTH, JJ., concur.