368 So.2d 641 (1979)
BOARD OF REGENTS of the State of Florida, Petitioner,
v.
PUBLIC EMPLOYEES RELATIONS COMMISSION, State of Florida, and United Faculty of Florida, Respondents.
No. EE-413.
District Court of Appeal of Florida, First District.
March 20, 1979.
Rehearing Denied April 30, 1979.
*642 Cass D. Vickers of Thompson, Wadsworth, Messer, Turner & Rhodes, Tallahassee, for petitioner.
William E. Powers, Jr., Michael M. Switzer, and Patricia A. Renovitch, Tallahassee, and Ken Megill, for respondents.
ERVIN, Judge.
Petitioner, Board of Regents of the State of Florida, filed petition for a writ prohibiting PERC from holding an evidentiary hearing pursuant to § 447.307(3), Fla. Stat. (1977), on United Faculty of Florida's petition to be certified as the collective bargaining agent for several categories of graduate research and teaching assistants. Approximately 1,800 graduate assistants, who teach at least 12% of the undergraduate courses in the state university system, are within the proposed collective bargaining unit. The Board moved to dismiss the petition on grounds that, as a matter of law, students were not under PERC's jurisdiction due to the provisions of § 447.501(2)(f), Fla. Stat. (1977). PERC denied the motion without prejudice to the Board's renewing it at a later date. The Board then filed its petition with us for a writ prohibiting PERC from holding the hearing. Finding that review of final agency action would not provide the Board an adequate remedy, we treated the petition as one seeking review of intermediate agency action under § 120.68(1). The proceedings were stayed, except of PERC's hearing and order, finding that graduate assistants are both students and public employees and that § 447.501(2)(f) does not impede "organization of graduate assistants by an employee organization." The Board argues that PERC's order misconstrued statutory law by determining graduate assistants were "public employees" within the definition in § 447.203(3), since they were not barred from collective bargaining by the provisions of § 447.501(2)(f). We affirm.
The Board of Regents is included within the definition of a public employer under § 447.203(2), while a public employee, defined by § 447.203(3), is one "employed by a public employer," subject to certain specific exceptions which do not include graduate assistants. The Board argues that since the graduate assistants are primarily students, § 447.501(2)(f), pertaining to unfair labor practices on behalf of public employee organizations, excepts them as public employees. That section provides that a public employee organization, its members or agents, are prohibited from "[i]nstigating or advocating support, in any positive manner, for an employee organization's activities from high school or grade school students or students in institutions of higher learning." PERC interpreted the intent of the statute as prohibiting "the exploitation of students by their teachers, ..., who might otherwise take advantage of the dependent nature of the student's posture in the student-teacher relationship in order to coerce from the students as unwilling pawns in organizational activities in which the students have no economic interest." PERC concluded that on the facts before it no *643 such exploitation was present; that the public employee organization was not seeking the support of the students and the advancement of someone else's economic interest, but rather was soliciting employees, who also happened to be students, to support the union's activities on behalf of the same employees whose support was solicited.
PERC's interpretation of the statute is within its range of discretion. We have on numerous occasions commented upon PERC's responsibility to define and implement public employees' substantive rights under PERA, and we are forbidden by § 120.68(12) from substituting our judgment for that of the agency on an issue of discretion. See Seitz v. Duval County School Board, 346 So.2d 644, 646 (Fla. 1st DCA 1977); Pasco County School Board v. PERC, 353 So.2d 108, 116 (Fla. 1st DCA 1977).
AFFIRMED.
SMITH, Acting C.J., concurs.
MELVIN, J., dissenting.
MELVIN, Judge, dissenting.
I must respectfully dissent. The resolution of this case hinges on the constructions placed on several, seemingly, contradictory statutes. The first, Section 447.203(2), provides that the petitioner here, the Board of Regents, is a "public employer". The second, Section 447.203(3), defines a "public employee" as being one "employed by a public employer". This section excepts from the definition of "public employee" certain classes of persons that might normally be considered as being "employed" by the State. They include, among others, executive appointees, persons holding elected positions, agency heads, members of boards or commissions, persons appointed to or employed by the militia, persons employed by the Florida Legislature, confined convicts, and certain designated managerial or confidential employees. As noted by the majority, this section does not specifically exclude graduate assistants or, as they are also known, graduate research associates, graduate research assistants, graduate teaching associates or graduate teaching assistants.
The last, Section 447.501(2)(f) describes a prohibited unfair labor practice and, specifically, provides that:
"(2) A public employee organization or anyone acting in its behalf, its officers, representatives, agents, or members are prohibited from:
* * * * * *
(f) Instigating or advocating support, in any positive manner, for an employee organization's activities from high school or grade school students or students in institutions of higher learning." (Emphasis supplied)
The primary rule of construction of statutes is to ascertain the intention of the Legislature and to carry such intention into effect to the fullest degree, and it is my opinion that the Florida Legislature, by Chapter 447, intended that all students at institutions of higher learning be insulated from the pressures and distractions of the collective bargaining process and, to that end, that they designated the solicitation of such students as a prohibited unfair labor practice.
The majority place great reliance on these research assistants being "employed" by a "public employer" without also being excepted from the definition of a "public employee". How conclusive is this fact on the research assistants' status?
We have already seen that the definition "public employee" contains certain enumerated exceptions. However, not all of these exceptions are so specifically drawn that they do not require interpretation. For example, it has been held that whether the exemptions provided to "managerial" or "confidential" employees apply is a factual determination to be made by the Commission on a case by case basis. City of Winter Park v. Fla. Pub. Emp. Rel., 349 So.2d 224 (Fla. 4th DCA 1977). It is equally clear to me that one may be in the apparent "employment" of a "public employer" and still not be a "public employee", even without a specific exemption in Section 447.203(3).
*644 In the recent case of Murphy v. Mack, 358 So.2d 822 (1978), the Florida Supreme Court held that while the several sheriffs of the State were to be considered "public employers" pursuant to the Public Employees Relations Act, their respective deputy sheriffs were not to be considered "public employees". The court found that the deputy sheriffs were not "public employees" because they were "appointed", not "employed", by their respective sheriffs and because their duties and powers constituted a part of the sovereign power. In doing so, the court stated:
"Since deputy sheriffs have not been identified as employees by the courts of this state, we cannot assume that the Legislature intended to include them within the definition of public employee without express language to this effect. In the absence of language including deputy sheriffs within the definition set forth in Chapter 447, Florida Statutes (1975), we find that they are not encompassed by the act."
The court thus recognized that, at least in some cases, the recognition of a specific group as "public employees" requires their specific inclusion in Chapter 447 by the Legislature.
In the instant case, as in Murphy v. Mack, supra, there is a complete absence of language including this group of research assistants within the definition of "public employees" as set forth in Chapter 447. Indeed, flying in the face of any implied inclusion of these graduate students within the definition of "public employees" is the Legislature's specific characterization of a public employee organization's instigating or advocating support, in any positive manner, for its activities from such students in institutions of higher learning as an unfair labor practice [447.501(2)(f)].
Looking to the intent of the Legislature in enacting Section 447.501(2)(f), the Commission declared in its final order:
"The clear purpose and intent of Section 447.501(2)(f) is to prohibit employee organizations, and those acting on their behalf, from seeking student support for union activities. The most obvious evil to be prevented by the statute is the exploitation of students by their teachers, or representatives of their teachers, who might otherwise take advantage of the dependent nature of the student's posture in the student-teacher relationship in order to coerce from the students what might well be very reluctant support. In other words, the statute is a prohibition against using students as unwilling pawns in organizational activities in which the students have no economic interest."
The Commission and the majority found no potential for student exploitation in this situation because these particular students were seeking to advance their own economic interests. I think that they ignore the obvious. The bedrock of a union's negotiating power lies in its membership. There is strength in numbers and greater strength in greater numbers. Notwithstanding these students' desire to better their financial positions, I perceive that the pressures of the collective bargaining system have the potential for making "unwilling pawns" of these very students that Section 447.501(2)(f) was designed to protect. I maintain that the graduate assistants are students of institutions of higher learning and are not "employees" as defined by Chapter 447. Contrary to the Commission's finding that the union "... was not seeking the support of the students but rather was soliciting employees, who also happened to be students..." is the uncontradicted fact that each graduate assistant was a student whose position and stipend were entirely dependent upon his or her continued status as a graduate student.[1]
*645 In the absence of specific language declaring graduate assistants to be "public employees", I feel the specific prohibition of Section 447.501(2)(f) must control and that the intent of the Legislature to protect the students of the State from the potentially coercive and exploitative influences of the collective bargaining system must prevail.
I would declare the Commission's order void and vacate the same.
NOTES
[1] To me, an example of an employee, "who also happened to be a student", would be an individual working in the maintenance section and also attending classes on a full or part-time basis. In such a case, the state or "public" employment would be unrelated to the individual's status as a student and solicitation of the individual in his non-student capacity would be appropriate.