ERVIN, Judge,
concurring in part and dissenting in part.
I concur with that portion of the majority’s opinion affirming the denial of appellant’s application to dredge. I am unable to join my colleagues, however, in reversing the Department’s final order denying the permit to fill. While the majority opinion observes that the filling of the two acres will completely eliminate their use as a marine habitat or feeding area, it agrees with the recommended order that the extent involved is not contrary to the public interest when its impact is measured against the entire basin between the two causeways. Yet the hearing officer’s recommended order was unclear that only the proposed area sought to be filled would alone be affected. The hearing officer found also:
Although removal of these two (2) acres from the 4200 acres contained in the Indian River between the causeways is a loss of .05 percent, the high turbidity of the waters of the Indian River between the causeways greatly reduces the growth of sea grasses and hence marine life in waters deeper than three (3) feet. Therefore the effect of the loss of productive submerged land is greater than the percentage noted above, (e. s.)
The Department, correctly I think, within the range of discretion delegated to it by law, § 120.68(12), interpreted § 253.124 as requiring a showing of damage and requiring also the applicant to show that the resulting damage would not be contrary to the public interest. Once there is a showing of damage, it is appropriately within the Department’s discretion — not the hearing officer’s, nor ours — to determine whether such damage is contrary to the public interest.
This statute does not specify the geographical area by which the proposed impact should be measured in determining whether the public interest is affected. Suppose the hearing officer had concluded that the area to be measured by the proposed fill included the entire Indian River and its estuaries. I doubt we would have considered ourselves bound by such an arbitrary conclusion. The statutory words “contrary to public interest” involve not so much factual determinations as they do policy considerations, and the development of policy is within the province of the agency charged with administering the law. “[W]here the ultimate facts are increasingly matters of opinion and opinions are increasingly infused by policy considerations for which the agency has special responsibility, a reviewing court will give correspondingly less weight to the hearing officer’s findings in determining the substantiality of evidence supporting the agency’s substituted findings.” McDonald v. Dept. of Banking and Finance, 346 So.2d 569, 579 (Fla. 1st DCA 1977).
*55 An agency’s interpretation of a statute is within its range of discretion, Board of Regents of the State of Florida v. PERC, 368 So.2d 641 (Fla. 1st DCA, 1979), and we are expressly forbidden by the APA from substituting our judgment for that of the agency on an issue of discretion. Section 120.68(12). I would affirm the order of the Department in its entirety.