389 So.2d 296 (1980)
CITY OF OCOEE, Appellant,
v.
CENTRAL FLORIDA PROFESSIONAL FIRE FIGHTERS ASSOCIATION, LOCAL 2057, Iaff, and Public Employees Relations Commission, Appellees.
No. 79-612/T4-451.
District Court of Appeal of Florida, Fifth District.
October 15, 1980.
*298 Norman F. Burke, Orlando, for appellant.
Curtis A. Billingsley, Tallahassee, for appellees.
FRANK D. UPCHURCH, Jr., Judge.
Appellant, the City of Ocoee, appeals from a final order of the Public Employees Relations Commission of February 28, 1979, verifying election results and certifying appellee, Local 2057, Central Florida Professional Fire Fighters Association, as the exclusive bargaining representative of a unit of employees in the city's fire department.
Local 2057 filed a representation petition with PERC seeking to represent city firemen below the rank of lieutenant. PERC conducted a representation hearing at which two issues were raised; first, whether Local 2057 was a properly registered employee organization and second, whether part-time firemen should be included in the same bargaining unit with the full-time firemen. The hearing officer found that Local 2057 had occasionally failed to timely file registration statements and that its annual financial statements were of little value. He also concluded that part-time firemen were not public employees and in any case should not be included in the proposed unit because of a lack of a community of interest with their full-time counterparts.
PERC ordered a representation election and found that Local 2057 was a properly registered employee organization and that it had remedied its registration defects. PERC also upheld the determination that part-time firemen should be excluded from the bargaining unit. The election was held in December, 1978 and a majority of the eligible votes were cast in favor of Local 2057. PERC verified the election results and the city took this appeal.
While not necessary to the determination of this appeal, we will consider a question raised by appellant because that question will be important to the parties in the conduct of another election: whether PERC improperly excluded part-time firemen from the bargaining unit.
PERC found that the part-time firemen were not properly within the bargaining unit due to a lack of a community of interest. The city contends that this finding is not supported by the record because PERC failed to consider seven criteria delineated in section 447.307(4), Florida Statutes (1977). This section states that in determining a proposed bargaining unit the commission shall take into consideration certain criteria, though there is no designation as to the weight to be accorded to each. While the legislature has sought to guide the commission's discretion somewhat, the inherent nature of such determination requires that the commission have flexibility to weigh the statutory elements and determine which are most relevant or dispositive in the particular case. See Packard Motor Co. v. NLRB, 330 U.S. 485, 67 S.Ct. 789, 91 L.Ed. 1040 (1947); Board of Regents v. PERC, 368 So.2d 641 (Fla. 1st DCA 1979). Therefore, this court's review of the commission's factual determinations should be limited to asking whether there has been a departure from the essential requirements of law and whether competent substantial evidence exists to support the determination. City of Winter Park v. PERC, 349 So.2d 224 (Fla. 4th DCA 1977).
In the case before us, the record reflects that the part-timers, unlike the full-timers, work an irregular, on call schedule, receive none of the fringe benefits paid to full-timers (except worker's compensation) and are hired and fired by the assistant fire chief and captain. Rather than a community of interest being present, a potential conflict of interest could logically be inferred.
The city points out that both full and part-timers share the same duties, responsibilities and risks, and cites NLRB v. Meyer Label Co., Inc., 597 F.2d 18 (2d Cir.1979), in support of its contention that the fire department employees operate as an integral unit and hence, should be within a single bargaining unit. In Meyer, the Second Circuit held that the NLRB's determination of a bargaining unit was not supported by substantial evidence and the board failed to *299 adequately consider the employer's specific structure and mode of operations. The court found that the bargaining unit as designated split certain employees apart from others even though they were engaged in basically the same work.
Meyer, however, dealt with all full-time employees; in fact the court specifically found that a uniformity of treatment of employees existed regarding hours, benefits and salaries, thus militating in favor of a finding of a community of interest. This is in direct contradiction to the instant case. Meyer, however, is significant in its emphasis on the employer's specific structure and mode of operations, which the court implied is especially significant where the employer has relatively few employees as in the instant case. Frequently in such situations, the employer organizes operations so that employees can perform as many different functions as possible, as Ocoee appears to have done, and a finding of separate bargaining units could lead to havoc due to separate, independent bargaining. Meyer at 22.
In summary, however, it appears that substantial competent evidence exists to support the designation of the bargaining unit in the instant case. Therefore, we affirm this portion of the order appealed.
The next point the city raises on appeal is whether the Local 2057's failure to comply with section 447.305, Florida Statutes (1977), bars PERC from ordering a representation election.
Section 447.305, Florida Statutes (1977), provides:
(1) Every employee organization ... prior to submitting a petition ... [for] a representation election, shall ... register with the commission... .
(2) Every employee organization shall file annually with the commission a financial report ... containing ... information in such detail as may be necessary accurately to disclose its financial condition... .
* * * * * *
(6) An employee organization which is not registered as provided in this section is prohibited from... submitting a petition requesting a representation election.[1] (Emphasis added.)
The city contends that Local 2057 was prohibited from petitioning for a representation election because it had neither complied with the registration requirements nor submitted an appropriate financial statement.
The First District Court of Appeal in Bay County Board of County Commissioners v. PERC, 365 So.2d 767 (Fla. 1st DCA 1978), construed section 447.305(6) as requiring both registration and submission of financial information as a condition precedent to the filing of a petition requesting a representation election.
In North Brevard Hosp. Dist., Inc. v. Florida Public Emp. Comm., No. II-407 (Fla. 1st DCA May 23, 1980), reh. denied, September 9, 1980, the First District was confronted with a union claim that the registration requirements of section 447.305 were "hyper-technicalities." The court disagreed declaring that in Bay County *300 it had addressed one of the purposes of the registration requirements-that of having financial and other information regarding the union available for a significant period of time prior to the election so as to allow employees to make an informed free choice in the election. The court then stated, "Every employee organization seeking recognition must, by the terms of the statute and rules, be prepared to submit full credentials, including financial report, at the time it files its petition and to maintain that registration in a current status throughout the proceedings for recognition." (Emphasis supplied.)
Section 447.305(6) prohibits a non-complying organization from submitting a petition requesting a representation election. The existence of injunctive relief[2] to enforce this prohibition is evidence that the legislature intended such prohibition to be enforceable. To construe the 1977 statute to allow a non-complying union to petition for an election and then to proceed to satisfy the statutory requirements would be in direct conflict with the cardinal rule of statutory construction that where the language of a statute is so plain and unambiguous as to fix the legislative intent and leave no room for construction, admitting of but one meaning, courts may not depart from the plain language employed by the legislature. 30 Fla.Jur. Statutes § 84 (1974).
Therefore, we conclude that PERC was in error in denying the city's objections to the election and reverse.
The third point to be considered is whether the city's request for attorney's fees and court costs based on the allegation that PERC ignored its statutory commands should be granted.
Section 447.504(3), Florida Statutes (1979), provides:
The court may award to the prevailing party all or part of the costs of litigation and reasonable attorney's fees ... whenever the court determines that such an award is appropriate. However, no such costs or fees shall be assessed against the commission in any appeal from an order issued by the commission in an adjudicatory proceeding between adversary parties conducted pursuant to this part.[3]
The first portion of the statute[4] was analyzed in Jess Parrish Memorial Hospital v. PERC, 364 So.2d 777 (Fla. 1st DCA 1978), wherein the court enunciated general principles applicable in determining whether to impose fees and costs against an agency following reversal of its order when it acts within the scope of its adjudicatory responsibilities. The court stated that while no requirement of bad faith or maliciousness exists, courts may properly impose fees and costs either where the fairness of the proceedings or correctness of the action is impaired by material error in procedure or by a failure to follow prescribed procedure. In other words, an agency which does not "conform to and act consistently with the authority delegated" to it may be answerable to a prevailing party in costs and fees. Jess Parrish at 785. On the other hand, courts should be reluctant to impose fees and costs against an agency if, for example, its order is reversed only because the agency erroneously interpreted a provision of law or the agency's action depended upon a finding of fact which was not supported by competent, substantial evidence.
An assessment of fees against PERC is not indicated because our reversal results from PERC's erroneous interpretation of the applicable statute (447.305), which is understandable because of lack of court precedent construing the section. It being discretionary in such matters, we shall deny an award.
*301 AFFIRMED in part and REVERSED in part.
DAUKSCH, C.J., and ORFINGER, J., concur.
NOTES
[1] The 1979 Florida Legislature revised section 447.305 which now provides:

(1) Every employee organization seeking to become a certified bargaining agent for public employees shall register with the commission ... prior to requesting recognition by a public employer for purposes of collective bargaining and prior to submitting a petition to the commission requesting certification as an exclusive bargaining agent. Further, if such employee organization is not registered, it may not participate in a representation hearing, participate in a representation election or be certified as an exclusive bargaining agent... .
(2) A registration shall be renewed annually by filing application for renewal ... which application shall reflect any changes in the information provided ... in conjunction with the employee organization's preceding application for registration... . Each application for renewal of registration shall include a current annual financial report... .
This statute has an effective date of July 1, 1979, and is presumed to act prospectively, absent clear legislative intent to the contrary. See generally, Department of Revenue v. Zuckerman-Vernon Corp., 354 So.2d 353 (Fla. 1978).
[2] Section 447.305(6), Florida Statutes (1977): "This prohibition shall be enforced by injunction upon petition of the Commission to the appropriate circuit court."
[3] The Florida Administrative Procedure Act also contains an attorney's fee provision: "[I]n the event a court reverses an agency's order, the court in its discretion may award attorney's fees and costs to the aggrieved prevailing party." § 120.57(1)(b)(9), Fla. Stat. (1979).
[4] See § 447.504(4), Fla. Stat. (1977).