SHIVERS, Judge.
The Hillsborough County Board of County Commissioners (County) appeals an order of the Public Employees Relations Commission (PERC) verifying the results of a representation election and certifying the Hillsborough County Government Employees Association, Inc. (Association) as the exclusive collective bargaining repre *1372 sentative for a designated group of county employees. We order the election set aside and reverse PERC’s order certifying the Association as the exclusive bargaining representative for the county employees.
The Association filed a representation-certification (R-C) petition with PERC seeking to represent certain employees of the Hillsborough County Hospital and Welfare Board, Division of Emergency Medical Services. Thereafter, the Communication Workers of America, Local 3178 (CWA), the union previously certified as the exclusive collective bargaining representative for the employees of the Division of Emergency Medical Services, filed a motion to dismiss, as intervenor, alleging, inter alia, that the Association’s R-C petition was invalid since the Association had failed to disclose its affiliation with the Hillsbor-ough County Police Benevolent Association (HPBA) in its registration. PERC denied this motion, finding that the affiliation of the Association was not relevant to its right to file a R-C petition.
After rejecting CWA’s motion to dismiss, this case proceeded to a hearing and ultimately to a decision by PERC defining the employee bargaining unit. Subsequent to this hearing, the County filed a motion to dismiss, also claiming, inter alia, that the Association was not properly registered due to its failure to disclose its affiliation with the HPBA. PERC likewise denied this motion, finding that questions concerning the validity of the Association’s registration were not properly raised in a R-C proceeding. PERC, however, did direct that an investigation be conducted as to the Association’s relationship with the HPBA.
Subsequent to the election in which a majority of the votes were cast in favor of the Association, PERC requested the County to submit any evidence that it had concerning the alleged affiliation between the Association and the HPBA. The County responded in the form of a memorandum and evidence in support of its allegation of non-registration. The evidence so submitted indicated interlocking officers and business agents between the Association and the HPBA, that the Association and the HPBA operated from the same office, that counsel for the Association in litigation with the Pinellas County PERC had filed the Association’s pleadings on Florida PBA stationery, and that the Association had received and was receiving technical assistance, staff support, and financial assistance from the HPBA and the Florida PBA. Thereafter, the County received a letter from PERC’s general counsel setting forth her determination that the Association and the HPBA were not affiliated, although counsel noted that a sympathetic relationship existed between the Association, the HPBA and the Florida PBA. This letter concluded by recommending that the Association amend its registration in order to fully comport with the registration requirements of section 447.305(l)(h), Florida Statutes (1979), and to clarify its relationship with the HPBA and the Florida PBA. Ultimately, the Association apparently filed a petition to amend its registration to reflect that it is associated with the HPBA.
The County launches a three-prong attack on PERC’s order. First and foremost, the County challenges the verification of election results by way of the Association’s registration status as an employee organization. The County argues that the Association was improperly registered during the pendency of this case, since the Association failed to disclose its affiliated status with the HPBA. As a result of this defect, the County contends that the Association should have been ineligible to file a R-C petition. If ineligible to file a R-C petition, the County asserts that PERC, consistent with its previous decisions and decisions of this court, should have dismissed the Association’s petition and invalidated the election results.
PERC responds to the County’s arguments by stating that although PERC and this court have previously allowed objections to a registration application to be *1373 raised in a R-C proceeding as grounds for dismissing the petition and invalidating the election results, such objections to an employee organization’s registration status, absent a charge that the employee organization does not possfess a valid registration license, are no longer permissible under current law. PERC recites that the 1979 amendments to section 447.305, Florida Statutes, converted the registration of employee organizations to a separate licensing proceeding under section 120.60, Florida Statutes. As a result thereof, PERC contends that its sole duty, with respect to an employee organization’s registration status in a representation case, is to determine whether the employee organization possesses a current registration license. PERC asserts that all other questions concerning the validity of an employee organization’s current registration license are not properly raised in a R-C proceeding. Based on its interpretation, PERC argues that it properly denied the County’s motion to dismiss since the Association possessed a current, unrevoked registration license throughout the R-C proceedings. We disagree.
Section 447.305 of the Florida Statutes provides for the registration of employee organizations. Specifically, section 447.305 presently provides, in pertinent part, that:
(1) Every employee organization seeking to become a certified bargaining agent for public employees shall register with the commission pursuant to the procedures set forth in s.120.60 prior to requesting recognition by a public employer for purposes of collective bargaining and prior to submitting a petition to the commission requesting certification as an exclusive bargaining agent. Further, if such employee organization is not registered, it may not participate in a representation hearing, participate in a representation election, or be certified as an exclusive bargaining agent. The application for registration required by this section shall be under oath and in such form as the commission may prescribe and shall include:
(a) the name and address of the organization and of any parent organization or organization with which it is affiliated. (emphasis added)[1]
As can be seen by the above-quoted section, unions seeking to become certified bargaining agents must register with PERC as a prerequisite to the union being recognized, certified, or participating in an election. Section 447.305 specifically mandates that if an employee organization is not so registered, it may not participate in a representation election or be certified as an exclusive bargaining agent. To be validly registered, a union must disclose the name and address of any parent organization or organization with which the union is affiliated.
This court has held that the registration requirements of section 447.305 are not mere “hyper-technicalities”. North Brevard County Hospital District, Inc. v. PERC, 392 So.2d 556, 561 (Fla. 1st DCA 1980). The information required under this section, e.g., a union's identity, affiliation, *1374 and financial status, is important. This information is especially relevant in representation cases since the primary purposes of'union registration relate to R-C proceedings. As stated in North Brevard, supra, one of the purposes of the registration requirements is that “of having financial and other information on the Union available for a significant period of time prior to the election so as to allow employees to make an informed free choice in an election.” 392 So.2d 561.
Although recognizing that this court has maintained that the registration requirements of section 447.305 require meaningful disclosure, PERC argues (i) that the amendment of section 447.305 in 1979 relegated its duty in a representation case to that of determining whether the union possesses a current registration license, and (ii) that if a union does so possess a current license, then a public employer cannot attack the validity of the union’s registration through a motion to dismiss. To the contrary, we find that the legislature in amending Chapter 447, Florida Statutes, did not intend to foreclose a public employer’s ability to raise defects in the critical disclosure requirements of section 447.305 through a motion to dismiss in a representation proceeding. The legislative history behind the 1979 amendments to Chapter 447 indicates that the primary purpose of these amendments was to eliminate a “Catch 22” situation created by the 1977 revision to the bargaining law. Otherwise, the 1979 amendments were not to significantly alter the current registration, qualification, or filing procedures mandated by section 447.305.[2] Furthermore, in the Staff Analyses of House Bill 1086, the bill that proposed the amendments of section 447.-305, it is correctly pointed out that under the then present situation an employee organization which did not, among other things, register with PERC pursuant to section 447.305(1) could not request recognition by a public employer or submit a petition to PERC requesting a representation election.' The Staff Analyses, in analyzing the probable effects of section 447.-305 after amendment, then assert that current registration with PERC would continue to be a prerequisite to an organization being recognized, certified, participating in an election, or participating in a representation hearing. From this and other materials, we infer that the legislature did not intend to alter the status quo whereby PERC was required to enforce the statutory requirements of section 447.305 as a precondition to PERC’s consideration of a union as a registered organization, and that PERC’s failure to do so, could and can be raised by a public employer by a motion to dismiss in a R-C proceeding.
We also find equally unpersuasive PERC’s argument that the meaningful disclosure required by section 447.305, and a public employer’s enforcement of the same through a motion to dismiss, has been superseded by the inclusion of language in section 447.305 that registration is to conform procedurally to the licensing provisions of section 120.60 of the Florida Statutes. As previously brought to the attention of this court by PERC in the case of Pinellas County Data Processing Control Board v. PERC, Case No. 00-13, unpublished order rendered March 7, 1980, registration proceedings were governed by the licensing provisions of section 120.60 prior to the 1979 amendments to section 447.305. The reference to section 120.60 in section 447.305 thus appears only to be a clarifica *1375 tion of the application of section 120.60 to section 447.305. Furthermore, the fact that registration is to conform proeedurally to the requirements of section 120.60 does not mean that these proceedings are exclusive. The most appropriate time and forum for a public employer to challenge a union’s registration is a R-C proceeding. PERC has repeatedly taken the position that a public employer is not a party to registration licensing proceedings. See In re Petition of City of Boynton Beach, 7 FPER 1112181 (Fla. PERC 1981); In re Registration of Florida Nurses Association, 7 FPER H 12218 (Fla. PERC 1981). If PERC’s position is accepted, a public employer would be unable to contest misstatements in a union’s registration either in licensing proceedings or R-C proceedings. As previously noted, we find and hold that R-C proceedings are a proper forum for a public employer to raise the issue of deficiencies in a union’s registration. Our holding is in accord with the unpublished order of this court rendered in Pinellas County Data Processing Control Board v. PERC, Case No. 00-13, supra, which case received considerable discussion in the respective parties’ briefs.
Additionally, addressing any argument that PERC may proffer to the effect that the deletion of subsection (6) from section 447.305 pursuant to the 1979 amendments indicates that the legislature intended to preclude PERC from enforcing a union’s improper registration in a R-C proceeding, we find that the mandatory language of section 447.305(1) provides PERC with sufficient authority to enforce the provisions of this section. If PERC fails to carry out its duty through its “ministerial” registration reviews, it is appropriate for a public employer to call to PERC’s attention a union’s deficiencies in this regard through a motion to dismiss. Upon receiving such notice, it is PERC’s responsibility to remedy the situation. As stated by this court in Bay County Board of County Commissioners v. PERC, 365 So.2d 767, 769 (Fla. 1st DCA 1978):
Clearly [the County’s motion to dismiss] brought to PERC’s attention Teamsters’ dereliction. It was then incumbent upon PERC to take some action to remedy the situation before the election was held. That PERC did not do.... Because PERC did not take that course of action, we deem it necessary under the circumstances of this case to set aside the election.
Finally, while not necessarily required due to our resolution of the above issue, we will address the County’s other two challenges to PERC’s order verifying the election results, since they will be important in the conduct of another election. These challenges relate to the question of whether PERC properly defined the bargaining unit to include CETA and white collar workers. We find and hold that the record fails to establish that PERC departed from the essential requirements of law in defining the bargaining unit as it did, and that there is competent, substantia] evidence to support its determination. See City of Ocoee v. Central Florida, 389 So.2d 296, 298 (Fla. 5th DCA 1980). On that basis, we affirm this portion of the order appealed.
Accordingly, the election is SET ASIDE; PERC’s order certifying the Association as the exclusive bargaining representative is REVERSED; and that portion of PERC’s order defining the bargaining unit is AFFIRMED.
ROBERT P. SMITH, Jr., and WIGGIN-TON, JJ., concur.

. Prior (o 1979, the registration provision in section 447.305, Florida Statutes, provided in pertinent part, that:
(1) Every employee organization, prior to requesting recognition by a public employer for purposes of collective bargaining, or prior to submitting a petition to the commission for purposes of requesting a representation election, shall adopt a constitution and bylaws and shall register with the commission by filing a copy thereof, together with a report in a form prescribed by the commission, and an amended report whenever changes are made, which shall include:
(а) The name and address of the organization and of any parent organization or organization with which it is affiliated.
(б) An employee organization which is not registered as provided in this section is prohibited from requesting recognition by a public employer or submitting a petition requesting a representation election. This prohibition shall be enforced by injunction upon petition of the commission to the appropriate circuit court.

. Specifically, the Catch 22 situation, as explained in the summary for Senate messages on House Bill 1086, was that in 1977 registration of an employee organization was required with both the Division of Labor and PERC. However, registration with the Division of Labor was made a prerequisite to registration with PERC and certification by PERC was made a prerequi-sitc for registration with the Division of Labor. The “catch” was that registration with PERC is a prerequisite to obtaining certification. Thus, it was technically impossible for an organization to become registered and certified as a bargaining agent. House Bill 1086 resolved this problem.