DANIEL S. PEARSON, Judge.
On this appeal we hold that where an employee labor organization discloses and cures a defective registration certificate with adequate notice to employees prior to an election, the legislative purpose underlying the registration requirement has been fully satisfied, and dismissal of the registration petition is inappropriate. Accordingly, we reverse the order of the Public Employees Relations Commission (PERC) which dismissed the appellant’s registration certificate and remand the case to PERC with directions to accept the registration as corrected.
The appellant, Sanitation Employees Association (SEA), is a registered labor organization in the state of Florida which since 1976 has been the certified collective bargaining agent for the solid waste employees of the City of Miami. In September 1986, SEA, seeking to become the certified collective bargaining agent for a unit of employees of Metropolitan Dade County and the Miami-Dade Water and Sewer Authority (the County), filed a Representation Certification with PERC.[1] At the time of SEA’s petition, the bargaining agent for these County employees was the American Federation of State, County and Municipal Employees, AFL-CIO, Miami Water and Sewer Authority, Local 121 (AFSCME).
After compliance with certain procedural requirements of Chapter 447, Florida Statutes, and the applicable provisions of the Florida Administrative Code, AFSCME was permitted to intervene, a hearing officer was appointed, and an evidentiary hearing conducted. Among other things, the hearing officer found that SEA’s registration document contained a deficiency, but that the deficiency did not materially affect the accuracy of its registration. The hearing officer recommended that further proceedings be stayed until SEA cured the deficiency and that thereafter PERC should issue an order directing that a secret ballot election of the collective bargaining agent be conducted.
Instead of following the hearing officer’s recommendation, PERC dismissed SEA’s representation petition. SEA, in its motion for reconsideration, contended that PERC had overlooked the fact that SEA’s registration documents were amended before PERC’s final order was entered, that this amendment cured the registration deficiencies, and that employees would thus be provided with ample opportunity to review the registration documents prior to a representation election. PERC denied the motion for reconsideration and explained:
“Given the fact that SEA’s registration documents contained a significant deficiency when this petition was filed, SEA’s argument is unpersuasive. In NAGE, SEIU, Local 5000 v. City of Palm Bay, 12 FPER ¶ 17003 (1985), the Commission dismissed a representation petition because the employee organization’s registration documents contained significant deficiencies at the time the petition was filed, even though the em *130 ployee organization cured the deficiencies prior to the evidentiary hearing. The Commission conceded that dismissal was a drastic sanction, but explained that its analysis of several appellate court decisions indicated that the only appropriate course of action was dismissal of the petition. See Hillsborough County Board of County Commissioners v. PERC, 447 So.2d 1371 (Fla. 1st DCA 1983); North Brevard County Hospital District, Inc. v. Florida PERC, 392 So.2d 556 (Fla. 1st DCA 1980); City of Ocoee v. Central Florida Professional Fire Fighters Association, Local 2057, 389 So.2d 296 (Fla. 5th DCA 1980). The courts in these cases interpreted Section 447.305(1), Florida Statutes (1985), to require dismissal of a petition if the employee organization is not in full compliance with the Commission’s registration requirements when the petition is filed.
“As we explained in Palm Bay, in the absence of a statutory amendment or a change in the judicial interpretation of Section 447.305 to allow the curing of a significant registration defect, we feel obligated to follow these judicial decisions.”
We agree with PERC that SEA’s failure to disclose as employees or representatives of SEA the names of four individuals who were paid by SEA on a long-term basis to solicit authorization cards and organize employees materially affected the accuracy of SEA’s registration and constituted a substantial deficiency in its registration documents. We disagree, however, that a petition found to contain such a substantial deficiency must be laid to rest by immediate and final dismissal and is incapable of being revived by timely amendment.[2] As PERC itself noted in its order denying SEA’s motion for reconsideration, the draconian result of dismissal has little except judicial fiat to recommend it:
“Although we have applied the registration requirements as judicially interpreted, we are not convinced that this interpretation represents the wisest policy. Specifically, if an employee organization discloses and cures a registration deficiency with adequate notice to employees prior to an election campaign, it seems reasonable to conclude that the legislative purpose underlying the registration requirements has been fully satisfied, thus rendering the sanction of dismissal unnecessary.”
We too find it reasonable to conclude that the legislative purpose underlying the registration requirements is fully satisfied when an employee organization cures a registration deficiency with adequate notice to employees before an election campaign. We thus disagree with the contrary holdings in North Brevard County Hospital District, Inc. v. Florida PERC, 392 So.2d 556 (Fla. 1st DCA 1983), and City of Ocoee v. Central Florida Professional Fire Fighters Association, Local 2057, 389 So.2d 296 (Fla. 5th DCA 1980), reverse the order under review, and remand the cause to PERC with directions to accept SEA’s corrected registration certificate.
Reversed and remanded.
SCHWARTZ, C.J., concurs.

. This filing was pursuant to Section 447.305(1), Florida Statutes (1985), which provides in pertinent part:
"(1) Every employee organization seeking to become a certified bargaining agent for public employees shall register with the commission pursuant to the procedures set forth in s. 120.60 prior to requesting recognition by a public employer for purposes of collective bargaining and prior to submitting a petition to the commission requesting certification as an exclusive bargaining agent. Further, if such employee organization is not registered, it may not participate in a representation hearing, participate in a representation election, or be certified as an exclusive bargaining agent.”

. We read Hillsborough County Board of County Commissioners v. PERC, 447 So.2d 1371 (Fla. 1st DCA 1983), as meaning only that the failure to disclose required information in a petition cannot be cured after an election. Hillsborough is thus distinguishable from the present case. However, North Brevard County Hospital District, Inc. v. Florida PERC, 392 So.2d 556 (Fla. 1st DCA 1980), and City of Ocoee v. Central Florida Professional Fire Fighters Association, Local 2057, 389 So.2d 296 (Fla. 5th DCA 1980), both of which held that a defective registration certificate cannot be cured even before an election, are not distinguishable.