BASKIN, Judge
(dissenting).
I disagree with the majority’s opinion that section 447.305(1), Florida Statutes (1985), requiring registration prior to the submission of a petition for certification, is merely permissive and not mandatory. The majority espouses the view that deficiencies may be cured by timely amendment of a defective registration certificate prior to an election; the statute emphatically declares otherwise.
The majority loses sight of the legislative goal so cogently expressed by Judge Booth in North Brevard County Hosp. Dist., Inc. v. Florida Pub. Employees Relations Comm’n, 392 So.2d 556, 561 (Fla. 1st DCA 1983). Speaking for the court, she stated:
*131 Registration is also a precondition to the Union’s seeking recognition in the first instance. The public interest requires registration requirements in order to prevent irresponsible or unqualified groups from seeking recognition as bargaining agents for employees in public institutions. PERC’s rules recognize its obligation to verify Union registration status. Every employee organization seeking recognition must, by the terms of the statute and rules, be prepared to submit full credentials, including financial report, at the time it files its petition and to maintain that registration in a current status throughout the proceedings for recognition.
Without citing any supporting authority, the majority adopts a vague rule of “timely amendment” which ignores the time requirements already in the statute. I believe this procedure offends the statute’s purpose of safeguarding elections and undermines the legislative mandate. Accordingly, I would follow the rule applied in North Brevard. See City of Ocoee v. Central Fla. Professional Fire Fighters Ass’n, Local 2057, 389 So.2d 296 (Fla. 5th DCA 1980).
I would affirm.