PER CURIAM.
Appellant appeals a final order of the Pensacola Public Employees Relations Commission dismissing its representation petition because appellant’s registration as an employee organization had expired. We affirm.
The Pensacola Public Employees Relations Commission (PPERC) is the local option agency for the City of Pensacola, as authorized by section 447.603. In the case before us, appellant was properly registered with PPERC at the time its representation petition was filed. A hearing on the petition was scheduled for November 30, 1988. However, appellant’s registration expired on November 10, 1988, and despite notice from PPERC prior to that date advising of the impending expiration, appellant did nothing to prevent the lapse of its registration. The employer on November 22, 1988, filed a motion to dismiss grounded on the lapsed registration. Appellant on November 23, 1988, filed a new Application for Registration, in a separate proceeding, which remained pending awaiting further information at the time of dismissal in this case on November 29, 1988. PPERC’s order of dismissal specifically provided that dismissal was without prejudice to refiling of appellant’s representation petition after it has complied with the registration requirements.
The appellant argues that local option agencies, such as PPERC, have no authority to adopt registration requirements of their own, but must instead defer to employee organization’s registration status with the Florida Public Employees Relation Commission. A plain reading of section 447.603 indicates otherwise. That section provides in pertinent part:
*133 Any district school board or political subdivision ... may elect to adopt ... its own local option in lieu of the requirements of this part, provided such provisions and procedures thereby adopted effectively secure to public employees substantially equivalent rights and procedures as set forth in this part... ,[1]
Clearly, “this part” refers to Chapter 447, Part II — “Labor Organizations, Public Employees,” which in section 447.305 sets forth procedures for registration of an employee organization. Appellant’s argument that section 447.603 allows for adoption by local option agencies only of substantive rather than procedural rules in lieu of Chapter 447 is completely without support.
Because appellant admittedly failed to timely comply with PPERC’s registration provisions, dismissal of the representation petition was proper. See North Brevard County Hospital District, Inc. v. Florida Public Employees Relations Commission, 392 So.2d 556 (Fla. 1st DCA 1980). Compare, Sanitation Employees Association, Inc. v. Metropolitan Dade County, 526 So.2d 128 (Fla.3d DCA), rev. dismissed, 538 So.2d 1255 (Fla.1988) (dismissal of representation petition inappropriate when a defective registration is cured with adequate notice to employees prior to election).
Accordingly, the order is AFFIRMED.
SMITH, THOMPSON and MINER, JJ., concur.

. By amendment, Chapter 77, Section 343, Laws of Florida (1977), now section 447.603(5), Florida Statutes (1987), this local option provision was limited to district school boards or political subdivisions whose application for approval by the commission had been filed on or before June 1, 1977.