646 So.2d 813 (1994)
FLORIDA PUBLIC EMPLOYEES COUNCIL 79, AFSCME, Appellant,
v.
Jack DANIELS, Helen Heard and Spencer Sylvester, Appellees.
Nos. 93-2495, 93-1617.
District Court of Appeal of Florida, First District.
December 8, 1994.
*814 Ben R. Patterson of Patterson & Traynham, Tallahassee, for appellant.
William H. Jeter, Jr. of Ford & Jeter, P.A., Jacksonville, for appellees.
WOLF, Judge.
Florida Public Employees Council 79, AFSCME (AFSCME) appeals from a final order of the circuit court denying a petition to enforce administrative subpoenas, and also appeals from an order awarding attorney's fees to appellees. The issues before this court are whether the trial court erred in entering the above-mentioned orders. We find that the trial court did in fact err, and reverse.
The Brotherhood of Black Custodial and Food Service Workers (Brotherhood) filed a representation-certification petition with the Public Employees Relations Commission (PERC) seeking to represent a bargaining unit of noninstructional employees of the Duval County School District. At the time that bargaining unit was represented by AFSCME. AFSCME filed a petition with PERC to dismiss the Brotherhood's petition, asserting that the Brotherhood had failed to properly register with PERC by failing to identify other entities with which the Brotherhood was "affiliated" or "associated." Specifically, AFSCME alleged that the Brotherhood is affiliated or associated, or is the same organization as Florida American Union (FAU), Florida American Union, Inc. (FAU, Inc.), and Florida Association of City Employees, Inc. (FACE, Inc.).
A two-day evidentiary hearing on the Brotherhood's petition and the AFSCME opposition was held before a PERC hearing officer. The three appellees, Daniels, Heard, and Sylvester, are all officers of the Brotherhood. They were subpoenaed to appear and to bring certain records to the hearing. All three appeared, all three were questioned, and all three refused to answer certain questions. The questions all had to do with their involvement in Florida American Union, Florida American Union, Inc., Employer Benefits Corporation (EBC), and Florida Association of City Employees, Inc.[1] The hearing officer reserved ruling on the relevance of the disputed questions until issuance of his *815 recommended order. In the recommended order, the hearing officer concluded that the Brotherhood is not affiliated with any other employee organization, and it receives no financial support from Employer Benefits Corporation or Daniels; that there was no evidence of a relationship between Employer Benefits Corporation and the Brotherhood; that the questions regarding the relationship of Daniels, Heard, and Sylvester with those other organizations or the interrelationships of Florida American Union, Florida American Union, Inc., Employer Benefits Corporation and Florida Association of City Employees, Inc., were irrelevant.
AFSCME filed an exception to the recommended order, asserting that the disputed questions should have been answered. PERC adopted an order which in pertinent part found as follows:
In his recommended order, the hearing officer concluded that questions regarding these other employee organizations were irrelevant because they no longer exist and the evidence did not establish a significant connection between EBC and the Brotherhood.
PERC analyzed section 447.305, Florida Statutes, which establishes the registration requirements for employee organizations, and stated as follows:
One of the purposes of the registration requirements is that "of having financial and other information on the Union available for a significant period of time prior to the election so as to allow employees to make an informed free choice in an election." Id. See also Hillsborough County Board of County Commissioners v. PERC, 447 So.2d 1371, 1373-74 (Fla. 1st DCA 1983). Consistent with the court's rulings, the Commission has required that all affiliations and associations with other organizations be fully disclosed as part of the registration information available to employees prior to a representation election. See, e.g., Florida PBA v. State of Florida, 11 FPER ¶ 16035 (1985).
PERC concluded as follows:
Upon consideration of this evidence, the Commission rejects the hearing officer's conclusion that further inquiry into the relationship among these employee organizations is irrelevant to this representation proceeding. On the contrary, we find disclosure of any past or present association of the Brotherhood or its officers with organizations which have exhibited the pattern of fiscal irresponsibility and defiance of lawful court and Commission orders demonstrated by FAU, FAU, Inc., and FACE, Inc., is essential to the formation of an informed choice by the employees which the Brotherhood seeks to represent. These are critical issues in this representation proceeding and may only be addressed if the officers of the Brotherhood are compelled to respond under oath to questions designed to elicit information regarding these organizations. Furthermore, it is appropriate to inquire into the relationship of all of the labor associations spawned by Daniels with the insurance company, EBC, which purportedly serves as his alter ego. For the reasons stated above, we conclude that the witnesses' refusal to testify regarding these issues has impeded the Commission in carrying out its duties under Chapter 447, Part II, to assure a free and fair representation election. Therefore, we will seek enforcement of the witnesses' subpoenas by the circuit court to compel their testimony pursuant to § 447.207(3), Florida Statutes.
AFSCME filed an action in circuit court pursuant to PERC's direction. The trial court entered an order denying enforcement of the administrative order, essentially finding that PERC's order illegally reversed factual findings of the hearing officer concerning the lack of interconnections between the Brotherhood and the other organizations. The trial court then stated because of the hearing officer's unequivocal findings, none of the disputed questions were material or relevant. The trial court also awarded attorney's fees to appellees after determining that they were the prevailing parties, pursuant to section 120.58(3), Florida Statutes, and that an award should be granted pursuant to the Florida Rules of Civil Procedure.
While an agency may not overturn findings of fact made by a hearing officer unless they are unsupported by competent *816 substantial evidence (see section 120.57(1)(b)10, Florida Statutes), no such requirement exists as to conclusions of law. Munch v. Department of Professional Regulation, 592 So.2d 1136, 1142 (Fla. 1st DCA 1992); Harloff v. City of Sarasota, 575 So.2d 1324, 1325 (Fla. 2d DCA 1991), rev. denied, 583 So.2d 1035 (Fla. 1991). An agency has the principal responsibility of interpreting statutes dealing with matters within their regulatory jurisdiction and expertise. Public Employees Relations Comm'n v. Dade County Police Benevolent Ass'n, 467 So.2d 987 (Fla. 1985). Therefore, PERC has authority to overrule statutory interpretation and applications made by its hearing officers. Id. at 989.
In the instant case, we are dealing with an interpretation of the statutory registration requirements for employee organizations. Such an interpretation is necessary to determine the relevance and materiality of the questions propounded by AFSCME to appellees. PERC overturned the hearing officer's conclusion that such information was irrelevant since the organizations no longer existed. PERC concluded that the hearing officer's interpretation was contrary to the purpose of the statute previously identified by PERC and this court in Hillsborough County Bd. of County Comm'rs v. PERC, 447 So.2d 1371 (Fla. 1st DCA 1983). This decision by PERC involved a ruling on a question of law rather than a finding of fact. PERC acted within its province in overturning the hearing officer's conclusion of law. The trial court, therefore, erred in denying the petition for enforcement.
Attorney's fees in this case were granted pursuant to section 120.58(3), Florida Statutes. This section provides for attorney's fees to the prevailing party to the extent that "the court determines that such an award should be granted under the Florida Rules of Civil Procedure." The order of the trial court fails to indicate what rule of civil procedure would justify an award of attorney's fees, nor is it readily apparent from the record which rule would support such an award.[2] Under these circumstances, the order granting attorney's fees is fatally deficient. The order granting attorney's fees is reversed.
BOOTH and BENTON, JJ., concur.
NOTES
[1] EBC is an insurance company created by appellee, Daniels, which purportedly served as his alter ego.
[2] Appellee urges that rule 1.380, Fla.R.Civ.P., would justify such an award. This rule deals with discovery violations. The instant case does not involve a discovery dispute. We, therefore, are unable to conclude that fees would be properly awarded pursuant to this rule.