676 So.2d 1052 (1996)
Augusta COLLINS, Appellant,
v.
SCHOOL BOARD OF DADE COUNTY, Florida, Appellee.
No. 95-3167.
District Court of Appeal of Florida, Third District.
July 10, 1996.
Patterson & Traynham and Benjamin R. Patterson, Tallahassee, for appellant.
Mack, Williams, Haygood & McLean and Gerald A. Williams, Boca Raton, for appellee.
Before BARKDULL, COPE and GREEN, JJ.
BARKDULL, Judge.
Augusta Collins appeals a final order of the School Board of Dade County which increased the hearing officer's recommended penalty of a reprimand to probation and a seventeen month suspension without back pay.
Collins was employed by the Dade County School Board as a materials handler in its warehouse. At the time of the incident in question, Collins had held this position for twenty-six years. Other than three memoranda related to absenteeism, Collins had never been disciplined for any other offense during his twenty-six year tenure. In January of 1994, Collins and Forbes, a fellow employee and friend, were involved in an incident in the warehouse during which Collins brandished a pocket knife at Forbes. There is apparently no dispute that this was done in a joking manner and that neither Forbes nor Collins took the incident seriously.
Collins was notified by the School Board that he would be suspended for conduct unbecoming a School Board employee and for violating a weapons rule. Collins requested a hearing before the Division of Administrative Hearings. At the hearing, Collins testified that many other employees carried pocket knives to cut open boxes during work. The hearing officer found that neither Collins nor Forbes had intended to threaten, intimidate or injure the other and that Collins had *1053 not committed conduct unbecoming a School Board employee. She recommended that Collins be reinstated and awarded back pay and benefits.
The School Board accepted the hearing officer's findings of fact but found that the act of brandishing the pocket knife was conduct unbecoming a School Board employee and therefore a violation of the rule. The Board placed Collins on probation for four months and ordered that he be reinstated without back pay after a seventeen month suspension.
We find that the School Board was correct in determining that the act of brandishing a knife at a fellow employee, whether done in a joking manner or not, constituted conduct unbecoming a School Board employee. To rule otherwise would effectively mean that the School Board could not protect the safety of its employees by punishing such conduct pursuant to that rule. However, considering Collins' length of employment with the School Board and previous record, we find that the penalty of a seventeen month suspension without back pay was disproportionate to the offense.
This case involves a collective bargaining agreement.[1] Article XI, section 6 of that agreement provides that "it is agreed that disciplining action(s) taken against AFSCME bargaining unit members shall be consistent with the concept and practice of progressive or corrective discipline (i.e., in administering discipline, the degree of discipline shall be reasonably related to the seriousness of the offense and the employee's record)." Under the circumstances here, a seventeen month suspension without pay is not discipline reasonably related to the seriousness of the offense. Although the School Board is well within its authority to punish conduct that could cause injury to its students or employees, it is also bound by the terms of the collective bargaining agreement. We find that any suspension without pay for a period of longer than six months would not be reasonably related to the seriousness of the offense under the facts of this case. Therefore, we affirm the order appealed insofar as it concludes that Collins' actions did constitute conduct unbecoming a School Board employee. However, we reverse the order as to the seventeen month suspension without pay and remand for imposition of a disciplinary penalty consistent with this opinion.
Affirmed in part, reversed in part and remanded with directions.
NOTES
[1] The collective bargaining agreement between AFSCME Local 1184 and the School Board was admitted into evidence by the hearing officer.