681 So.2d 843 (1996)
Arthur L. BELL, Appellant,
v.
The SCHOOL BOARD OF DADE COUNTY, Florida, Appellee.
No. 95-1043.
District Court of Appeal of Florida, Third District.
October 16, 1996.
Patterson & Traynham and Ben Patterson, Tallahassee, for appellant.
Mack, Williams, Haygood & McLean and Gerald A. Williams, Atlanta, GA, for appellee.
Before JORGENSON, COPE and GERSTEN,[*] JJ.
PER CURIAM.
Arthur L. Bell appeals an order of the School Board of Dade County which discharged him from his employment. We affirm in part and reverse in part.
Bell was the lead custodian at an elementary school. His working hours were 2:30 p.m. to 11:00 p.m. It came to the School Board's attention that in the evening hours, before Bell's shift ended but after the other custodians had completed their work and left the school, Bell had sexual relations with his girlfriend on school premises.[1]
*844 The School Board sought dismissal of Bell under its rule prohibiting conduct unbecoming a School Board employee.[2] A hearing officer appointed by the School Board heard Bell's appeal. The hearing officer's order concluded that the conduct in question did not violate the School Board rule.[3]
On review of the recommended order and the Superintendent's exceptions, the School Board approved the findings of fact. The School Board concluded, however, that the hearing officer had misinterpreted the agency rule as applied to the facts of the case. The School Board declined to follow the hearing officer's conclusions of law. The Board determined that the facts of Bell's conduct, as found by the hearing officer, constituted conduct unbecoming a School Board employee, and constituted a basis for discipline. The School Board entered an order dismissing Bell, and Bell has appealed.
Bell contends that the ultimate issue of whether he violated the School Board rule was a question of fact, and that in reality the School Board impermissibly overturned the hearing officer's factual findings which were supported by competent substantial evidence. We disagree. The facts in this case are essentially undisputed. The agency is constrained in its ability to overturn factual findings which are supported by competent substantial evidence. See § 120.57(1)(b)10, Fla. Stat. (1993). However, the Administrative Procedure Act provides in part that "[t]he agency in its final order may reject or modify the conclusions of law and interpretation of administrative rules in the recommended order." Id.; see Florida Public Employees Council 79 v. Daniels, 646 So.2d 813, 816 (Fla. 1st DCA 1994).
The hearing officer had concluded that the rule could not be violated so long as the employee conduct was not observed by anyone else. Since Bell and his girlfriend had been discreet and had not been observed by anyone else, and since the encounter occurred in the evening hours when no students were on the premises, the hearing officer reasoned that there could be no violation of the rule. Under the Administrative Procedure Act, the School Board was not bound by the hearing officer's interpretation of the School Board rule. The School Board determined that the conduct in question did not reflect credit on the employee or the School Board, and consequently constituted conduct unbecoming a School Board employee. We conclude that the Board acted within its authority in interpreting its own rule, and in modifying the conclusions of law.
Although we affirm the finding of conduct unbecoming a school board employee, we conclude that the sanction of dismissal was not warranted in this case. Bell is covered by the same collective bargaining agreement addressed in this court's recent opinion in Collins v. School Board of Dade County, 676 So.2d 1052 (Fla. 3d DCA 1996), which incorporates the concept of "`progressive or corrective discipline (i.e., in administering discipline, the degree of discipline shall be reasonably related to the seriousness of the offense and the employee's record).'" Id. at 1053. At the time of the incident, Bell had been employed by the School Board for eleven years with no prior disciplinary infractions. In this case, like Collins, the employee of many years had no prior disciplinary infractions. We conclude that in view of the collective bargaining agreement and under the circumstances, dismissal was too severe a sanction. We therefore remand for the *845 School Board to impose lesser sanctions, including suspension for a time period to be set by the School Board.
Affirmed in part, reversed in part, and remanded.
JORGENSON and COPE, JJ., concur.
GERSTEN, Judge, dissenting in part.
While I agree wholeheartedly with the majority's affirmance of the School Board's determination that the employee engaged in conduct unbecoming a school employee, I must respectfully dissent from that part of the opinion which reverses the sanction of dismissal. In my opinion, the sanction of dismissal is reasonably related to the seriousness of a School Board employee engaging in sexual acts in classrooms or on school property at anytime.
Briefly, Collins v. School Board of Dade County, 676 So.2d 1052 (Fla. 3d DCA 1996) does not support reversal because, unlike in Collins, the punishment in the present case is not disproportionate to the offense. In Collins, the twenty-six year tenured employee was suspended without back pay for seventeen months because he jokingly waved a pocket knife at a friend that was used to cut open boxes at work. This Court reversed the suspension finding it was not reasonably related to the seriousness of the offense "under the circumstances here," and because the punishment was disproportionate to the employee's act "under the facts of this case." Collins, 676 So.2d at 1053.
Here, the employee engaged in sexual intercourse on two occasions during working hours and on School Board property where children receive instruction. Under the facts of this case, and especially because of the employee's supervisory position working in an institution whose goal is to educate our children both intellectually and morally, the sanction of dismissal was consistent with corrective discipline and was reasonably related to the seriousness of the offense. I would affirm in all respects.
NOTES
[*] Judge Gersten did not participate in oral argument.
[1] The incident came to light as a result of a burglary investigation. The encounter between Bell and his girlfriend occurred on a Friday evening. Later in the weekend there was a burglary at the school. When the police officers interviewed the custodial staff, Bell candidly informed them of his activities on the evening in question, and that after the encounter with his girlfriend, he had stayed at the school until approximately 1:00 a.m. to complete his custodial duties.
[2] The rule states:

I. Employee Conduct.
All persons employed by the School Board of Dade County, Florida are representatives of the Dade County Public Schools. As such, they are expected to conduct themselves in a manner that will reflect credit upon themselves and the school system.
Unseemly conduct or the use of abusive and/or profane language in the presence of students is expressly prohibited.
School Board Rule 6Gx13-4A-1.21.
[3] The hearing officer concluded, however, that Bell had used poor judgment and recommended a thirty-day suspension. This appears to be inconsistent with the hearing officer's conclusion that no rule violation occurred.